MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JUAN TAPIA, MARIO ZAMUDIO,
ALFONSO PEREZ, JESUS RAMIREZ,
WENCESLAO MARTINEZ, SAUL PEREZ,
YOEL JULIAN and OSCAR PAZ BAROJAS,
*individually and on behalf of others similarly*
*situated,*

                              *Plaintiffs,*

         -against-

Super Noriega LLC (d/b/a BABY BRASA),
FRANCO NORIEGA, MILAN KELLER,
EDUARDO TREJO and CARLA NORIEGA,

                       *Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Juan Tapia, Mario Zamudio, Alfonso PEREZ, Jose Jesus Ramirez, Wenceslao Martinez, Saul Perez, Yoel Julian and Oscar Paz Barojas individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against 173 7th Rest Avenue Rest Inc. (d/b/a Baby Brasa), ("Defendant Corporation"), Franco Noriega, Milan Keller, Eduardo Trejo and Carla Noriega ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of defendants Super Noriega LLC (d/b/a Baby Brasa), Franco Noriega, Milan Keller, Eduardo Trejo and Carla Noriega.

2.       Defendants own, operate, or control a restaurant, located at 173 7th Avenue, New York, New York 10014 under the name Baby Brasa.

3.      Upon information and belief, individual defendants Franco Noriega, Milan Keller, Eduardo Trejo and Carla Noriega, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiffs were employed as cooks, food preparers, food runners and busboys.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage overtime compensation and spread of hours pay for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      In addition, defendants maintained a policy and practice of unlawfully appropriating tipped Plaintiffs' and other tipped employees' tips and made unlawful deductions

from these Plaintiffs' and other tipped employees' wages.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiffs now bring this action as a collective action and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district.  Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

15.     Plaintiff Juan Tapia ("Plaintiff Tapia" or "Mr. Tapia") is an adult individual residing in Queens County, New York.  Plaintiff Tapia was employed by Defendants at Baby Brasa from approximately March 2020 until on or about July 2021.

16.     Plaintiff Mario Zamudio ("Plaintiff Zamudio" or "Mr. Zamudio"), is an adult individual residing in Bronx County, New York. Plaintiff Zamudio was employed by Defendants at Baby Brasa from approximately May 10, 2021 until on or about October 2021.

17.     Plaintiff Alfonso PEREZ ("Plaintiff Perez" or "Mr. Perez"), is an adult individual residing in Bronx County, New York. Plaintiff Perez was employed by Defendants at Baby Brasa from approximately May 2021 until on or about October 2021.

18.     Plaintiff Jesus Ramirez ("Plaintiff Ramirez" or "Mr. Ramirez"), is an adult individual residing in Queens County, New York. Plaintiff Ramirez was employed by Defendants at Baby Brasa from approximately November 2020 until on or about October 2021.

19.     Plaintiff Wenceslao Martinez ("Plaintiff Martinez" or "Mr. Martinez"), is an adult individual residing in Bronx County, New York. Plaintiff Martinez was employed by Defendants at Baby Brasa from approximately January 2021 until on or about October 20, 2016.

20.     Plaintiff Saul Perez ("Plaintiff Saul" or "Mr. Saul"), is an adult individual residing

in Queens County, New York. Plaintiff Saul was employed by Defendants at Baby Brasa from approximately July 18, 2021 until on or about October 2021.

21.     Plaintiff Yoel Julian ("Plaintiff Julian" or "Mr. Julian"), is an adult individual residing in New York County, New York. Plaintiff Julian was employed by Defendants at Baby Brasa from approximately June 2020 until on or about October 20213.

22.     Plaintiff Oscar Paz barojas ("Plaintiff Paz" or "Mr. Paz"), is an adult individual residing in New York County, New York. Plaintiff Paz was employed by Defendants at Baby Brasa from approximately March 2021 until on or about October 2021.

*Defendants*

23.     At all relevant times, Defendants owned, operated, or controlled a restaurant located at 173 7th Avenue, New York, New York 10014 under the name "Baby Brasa".

24.     Upon information and belief, Super Noriega LLC (d/b/a Baby Brasa) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 173 7th Avenue, New York, New York 10014.

25.     Defendant Franco Noriega is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Franco Noriega is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Franco Noriega possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

26.     Defendant Milan Keller is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Milan Keller is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Milan Keller possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

27.     Defendant Eduardo Trejo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Eduardo Trejo is sued individually in his capacity as manager of the Defendant Corporation. Defendant Eduardo Trejo possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

28.     Defendant Carla Noriega is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Carla Noriega is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Carla Noriega possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants,

including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.     Defendants operated a restaurant located in the Soho section of Manhattan in New York City.

30.     Individual defendants, Franco Noriega, Milan Keller, Eduardo Trejo and Carla Noriega, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

31.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.     Upon information and belief, individual defendants Franco Noriega, Milan Keller and Carla Noriega, operated Defendant Corporation as either as alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b.   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.   transferring assets and debts freely as between all Defendants,

d.   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e.   operating Defendant Corporation for their own benefit and maintaining control over this Corporation as a closed corporation,

f.   intermingling assets and debts of their own with Defendant Corporation,

g.   diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.   Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year, from 2020 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

### Individual Plaintiffs

39.     Plaintiffs are former employees of Defendants who were employed as cooks, food preparers, food runners and busboys,

40.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### Plaintiff Juan Tapia

41.     Plaintiff Tapia was employed by Defendants at Baby Brasa from approximately March 2020 until on or about July 2021.

42.     Defendants employed Plaintiff Tapia as a food preparer.

43.     Plaintiff Tapia regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.     Plaintiff Tapia's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Tapia regularly worked in excess of 40 hours per week.

46.     From approximately March 2020 until on or about July 2021, Plaintiff Tapia worked from approximately 7:00 a.m. until on or about 5:00 p.m. or 6:00 p.m. six days a week

(typically 60 to 66 hours per week).

47.     However, for a period of four weeks from approximately March 2020 until on or about July 2021, Plaintiff Tapia worked from approximately 7:00 a.m. until on or about 5:00 p.m. to 6:00 p.m. five days a week (typically 50 to 56 hours per week).

48.     From approximately March 2020 until on or about July 2020, Defendants paid Plaintiff Tapia his wages in cash.

49.     From approximately August 2020 until on or about July 2021, Defendants paid Plaintiff Tapia his wages by check.

50.     From approximately March 2020 until on or about June 2020, defendants paid Plaintiff Tapia $14.00 per hour.

51.     From approximately July 2020 until on or about June 2021, defendants paid Plaintiff Tapia $15.50 per hour on a semi-monthly basis.

52.     For a period of two weeks from approximately June 2021 until on or about July 2021, defendants paid Plaintiff Tapia $20.00 per hour on a semi-monthly basis.

53.     Defendants never granted Plaintiff Tapia a meal break or rest period of any kind.

54.     Defendants required Plaintiff Tapia to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

55.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tapia regarding overtime and wages under the FLSA and NYLL.

56.     Defendants did not provide Plaintiff Tapia an accurate statement of wages, as required by NYLL 195(3).

57.     Defendants did not give any notice to Plaintiff Tapia, in English and in Spanish (Plaintiff Tapia's primary language), of his rate of pay, employer's regular pay day, and such

other information as required by NYLL §195(1).

*Plaintiff Mario Zamudio*

58.     Plaintiff Zamudio was employed by Defendants at Baby Brasa from approximately May 10, 2021 until on or about October 2021.

59.     Defendants employed Plaintiff Zamudio as a cook.

60.     Plaintiff Zamudio regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

61.     Plaintiff Zamudio's work duties required neither discretion nor independent judgment.

62.     From approximately May 2021 until on or about July 2021, Plaintiff Zamudio worked from approximately 12:00 p.m. until on or about 12:00 a.m. three days a week and from approximately 4:00 p.m. until on or about 12:00 a.m. two days a week (typically 52 hours per week).

63.     At all relevant times, Plaintiff Zamudio was paid his wages in a combination of check and cash.

64.     From approximately August 2021 until on or about October 2021, Plaintiff Zamudio worked from approximately 4:00 p.m. until on or about 12:00 a.m. three days a week (typically 24 hours per week).

65.     Throughout his entire employment, defendants paid Plaintiff Zamudio his wages by personal check.

66.     From approximately May 2021 until on or about October 2021, Defendants paid Plaintiff Zamudio $25.00 per hour.

67.     Defendants never granted Plaintiff Zamudio a meal break or rest period of any

- 11 -

kind.

68.     Defendants required Plaintiff Zamudio to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

69.     Defendants took improper and illegal deductions from Plaintiff Zamudio's wages; specifically, Defendants deducted approximately $30 from Plaintiff Zaudio's wages for giving a meal to a coworker.

70.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Zamudio regarding overtime and wages under the FLSA and NYLL.

71.     Defendants did not provide Plaintiff Zamudio an accurate statement of wages, as required by NYLL 195(3).

72.     Defendants did not give any notice to Plaintiff Zamudio, in English and in Spanish (Plaintiff Zamudio's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Alfonso PEREZ*

73.     Plaintiff Perez was employed by Defendants at Baby Brasa from approximately May 2021 until on or about October 2021.

74.     Defendants employed Plaintiff Perez as a busboy and food runner.

75.     Plaintiff Perez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

76.     Plaintiff Perez's work duties required neither discretion nor independent judgment.

77.     From approximately May 2021 until on or about July 2021, Plaintiff Perez worked from approximately 10:00 a.m. until on or about 4:00 p.m. five days a week (typically 30

- 12 -

hours per week).

78.     From approximately August 2021 until on or about October 2021, Plaintiff Perez worked from approximately 4:00 p.m. until on or about 12:00 a.m. Mondays, Tuesdays and Thursdays and from approximately 4:00 p.m. until on or about 1:00 a.m. Fridays and Saturdays (typically 42 hours per week).

79.     At all relevant times, Plaintiff Perez was paid his wages by check.

80.     From approximately May 2021 until on or about October 2021, defendants paid Plaintiff Perez $10.00 per hour.

81.     Defendants never granted Plaintiff Perez a meal break or rest period of any kind.

82.     Plaintiff Perez was never notified by Defendants that his tips were being included as an offset for wages.

83.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Perez's wages.

84.     Defendants illegally withheld a portion of the tips that Plaintiff Perez earned from customers.

85.     Specifically, Defendants only paid Plaintiff Perez a portion of the tip's clients wrote in for him whenever they paid using credit cards; thus, Defendants Keller and Trejo withheld approximately $1500 to $2000 of Plaintiff Tapia's credit card tips each week.

86.     Defendants required Plaintiff Perez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

87.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

88.     Defendants did not provide Plaintiff Perez an accurate statement of wages, as

required by NYLL 195(3).

89.     Defendants did not give any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jesus Ramirez*

90.     Plaintiff Ramirez was employed by Defendants at Baby Brasa from approximately November 2020 until on or about October 2016.

91.     Defendants employed Plaintiff Ramirez as a busboy.

92.     Plaintiff Ramirez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

93.     Plaintiff Ramirez's work duties required neither discretion nor independent judgment.

94.     Throughout his employment with Defendants, Plaintiff Ramirez regularly worked in excess of 40 hours per week.

95.     From approximately November 2020 until on or about August 2021, Plaintiff Ramirez worked from approximately 10:30 a.m. until on or about 11:00 p.m. on Mondays, from approximately 10:30 a.m. until on or about 1:00 a.m. on Thursdays, from approximately 4:00 p.m. until on or about 1:00 a.m. on Fridays, from approximately 1:30 p.m. until on or about 1:30 a.m. on Saturdays and from approximately 11:30 a.m. until on or about 11:30 p.m. on Sundays (typically 60 hours per week).

96.     From approximately September 2021 until on or about October 2021, Plaintiff Ramirez worked from approximately 9:30 a.m. until on or about 11:00 p.m. on Mondays, from approximately 9:30 a.m. until on or about 5:00 p.m. on Thursdays, from approximately 4:00 p.m.

until on or about 1:00 a.m. on Fridays, from approximately 1:00 p.m. until on or about 1:00 a.m. on Saturdays and from approximately 1:30 p.m. until on or about 11:30 p.m. on Sundays (typically 51 hours per week).

97.     Throughout his employment, defendants paid Plaintiff Ramirez his wages by check.

98.     From approximately November 2020 until on or about October 2021, defendants paid Plaintiff Ramirez $10.00 per hour.

99.     Plaintiff Ramirez was never notified by Defendants that his tips were being included as an offset for wages.

100.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Ramirez's wages.

101.     Defendants illegally withheld a portion of the tips that Plaintiff Ramirez earned from customers.

102.     Specifically, Defendants only paid Plaintiff Ramirez a portion of the tip's clients wrote in for him whenever they paid using credit cards; thus, Defendants Keller and Trejo withheld approximately $1500 to $2000 of Plaintiff Ramirez's credit card tips each week.

103.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramirez regarding overtime and wages under the FLSA and NYLL.

104.     Although Plaintiff Ramirez was required to keep track of his time, defendants required him to punch in and out under the catering company's name for his hours as a delivery worker and under the restaurant's name for his hours as a busboy.

105.     Furthermore, defendants did not provide Plaintiff Ramirez an accurate statement of wages, as required by NYLL 195(3).

- 15 -

106.    Defendants did not give any notice to Plaintiff Ramirez, in English and in Spanish (Plaintiff Ramirez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Wenceslao Martinez*

107.    Plaintiff Martinez was employed by Defendants at Baby Brasa from approximately January 2021 until on or about October 2021.

108.    Defendants employed Plaintiff Martinez as a cook.

109.    Plaintiff Martinez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

110.    Plaintiff Martinez' work duties required neither discretion nor independent judgment.

111.    Throughout his employment with Defendants, Plaintiff Martinez regularly worked in excess of 40 hours per week.

112.    From approximately January 2021 until on or about august 2021, Plaintiff Martinez worked from approximately 10:00 a.m. until on or about 11:00 p.m. on Mondays, from approximately 10:00 a.m. until on or about 4:00 p.m. Tuesdays and Wednesdays, from approximately 9:00 a.m. until on or about 12:00 a.m. on Saturdays and from approximately 9:00 a.m. until on or about 11:00 p.m. on Sundays (typically 54 hours per week).

113.    From approximately January 2021 until on or about august 2021, Plaintiff Martinez worked from approximately 10:00 a.m. until on or about 11:00 p.m. on Mondays, from approximately 10:00 a.m. until on or about 4:00 p.m. Tuesdays and Wednesdays, from approximately 9:00 a.m. until on or about 12:00 a.m. on Saturdays and from approximately 9:00 a.m. until on or about 11:00 p.m. on Sundays (typically 54 hours per week).

114.     From approximately September 2021 until on or about October 2021, Plaintiff Martinez worked from approximately 10:00 a.m. until on or about 11:00 p.m. on Mondays, from approximately 10:00 a.m. until on or about 4:00 p.m. Tuesdays and Wednesdays, from approximately 9:00 a.m. until on or about 12:00 a.m. on Saturdays and from approximately 9:00 a.m. until on or about 5:00 p.m. on Sundays (typically 48 hours per week).

115.     At all relevant times, Plaintiff Martinez was paid his wages by personal check.

116.     From approximately January 2021 until on or about August 2021, defendants paid Plaintiff Martinez $19.00 per hour.

117.     From approximately September 2021 until on or about October 2021, defendants paid Plaintiff Martinez $21.00 per hour

118.     Defendants never granted Plaintiff Martinez a meal break or rest period of any kind.

119.     Defendants required Plaintiff Martinez to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

120.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

121.     Defendants did not provide Plaintiff Martinez an accurate statement of wages, as required by NYLL 195(3).

122.     Defendants did not give any notice to Plaintiff Martinez, in English and in Spanish (Plaintiff Martinez' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Saul Perez*

- 17 -

123.    Plaintiff Saul was employed by Defendants at Baby Brasa from approximately July 18, 2021 until on or about October 2021.

124.    Defendants employed Plaintiff Saul as a busboy.

125.    Plaintiff Saul regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

126.    Plaintiff Saul's work duties required neither discretion nor independent judgment.

127.    Throughout his employment with Defendants, Plaintiff Saul regularly worked in excess of 40 hours per week.

128.    From approximately July 18, 2021 until on or about October 2021, Plaintiff Saul worked from approximately 4:00 p.m. until on or about 12:40 a.m. four days a week and from approximately 9:00 a.m. until on or about 12:40 a.m. on Saturdays (typically 50.33 hours per week).

129.    Throughout his employment, defendants paid Plaintiff Saul his wages by check.

130.    From approximately July 18, 2021 until on or about October 2021, defendants paid Plaintiff Saul $10.00 per hour.

131.    Defendants only granted Plaintiff Saul a 30-minute meal period on Saturdays.

132.    Plaintiff Saul was never notified by Defendants that his tips were being included as an offset for wages.

133.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Saul's wages.

134.    Defendants illegally withheld a portion of the tips that Plaintiff Saul earned from customers.

135.    Specifically, Defendants only paid Plaintiff Saul a portion of the tip's clients

wrote in for him whenever they paid using credit cards; thus, Defendants Keller and Trejo withheld approximately $1500 to $2000 of Plaintiff Saul's credit card tips per week.

136.    Defendants required Plaintiff Saul to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

137.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Saul regarding overtime and wages under the FLSA and NYLL.

138.    Defendants did not provide Plaintiff Saul an accurate statement of wages, as required by NYLL 195(3).

139.    Defendants did not give any notice to Plaintiff Saul, in English and in Spanish (Plaintiff Saul's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Yoel Julian*

140.    Plaintiff Julian was employed by Defendants at Baby Brasa from approximately June 2020 until on or about October 20213.

141.    Defendants employed Plaintiff Julian as a food runner and a food expeditor.

142.    Plaintiff Julian's work duties required neither discretion nor independent judgment.

143.    From approximately June 2020 until on or about May 2021, Plaintiff Julian worked from approximately 4:00 p.m. until on or about 12:00 a.m. Mondays through Thursdays, from approximately 10:00 a.m. until on or about 12:30 a.m. on Fridays and Saturdays and from approximately 9:00 a.m. until on or about 5:00 p.m. on Sundays (typically 69 hours per week).

144.    From approximately June 2021 until on or about August 2021, Plaintiff Julian worked from approximately 4:00 p.m. until on or about 12:00 a.m. Mondays through Thursdays,

from approximately 9:00 a.m. until on or about 1:00 a.m. Fridays and Saturdays and from

approximately 9:00 a.m. until on or about 10:00 p.m. on Sundays (typically 77 hours per week).

145.    From approximately September 2021 until on or about October 2021, Plaintiff

Julian worked from approximately 4:00 p.m. until on or about 12:00 a.m. Tuesdays through

Thursdays, from approximately 4:00 p.m. until on or about 12:30 a.m. on Fridays, from

approximately 10:30 a.m. until on or about 12:30 a.m. on Saturdays and from approximately

9:00 a.m. until on or about 5:00 p.m. on Sundays (typically 55 hours per week).

146.    Throughout his employment, defendants paid Plaintiff Julian his wages by check.

147.    From approximately June 2020 until on or about October 2020 defendants paid

Plaintiff Julian $10.00 per hour.

148.    Plaintiff Julian was never notified by Defendants that his tips were being included

as an offset for wages.

149.    Defendants did not account for these tips in any daily or weekly accounting of

Plaintiff Julian's wages.

150.    Defendants illegally withheld a portion of the tips that Plaintiff Julian earned from

customers.

151.    Specifically, Defendants only paid Plaintiff Julian a portion of the tip's clients

wrote in for him whenever they paid using credit cards; thus, Defendants Keller and Trejo

withheld approximately $1500 to $2000 of Plaintiff Julian's credit card tips per week.

152.    Defendants required Plaintiff Julian to sign a document, the contents of which he

was not allowed to review in detail, in order to release his weekly pay.

153.    No notification, either in the form of posted notices or other means, was ever

given to Plaintiff Julian regarding overtime and wages under the FLSA and NYLL.

154.    Defendants did not provide Plaintiff Julian an accurate statement of wages, as required by NYLL 195(3).

155.    Defendants did not give any notice to Plaintiff Julian, in English and in Spanish (Plaintiff Julian's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

156.    Defendants required Plaintiff Julian to purchase "tools of the trade" with his own funds—including food ingredients.

*Plaintiff Oscar Paz barojas*

157.    Plaintiff Paz was employed by Defendants at Baby Brasa from approximately March 2021 until on or about October 2021.

158.    Defendants employed Plaintiff Paz as a busboy and food runner.

159.    Plaintiff Paz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

160.    Plaintiff Paz's work duties required neither discretion nor independent judgment.

161.    From approximately March 2021 until on or about June 2021, Plaintiff Paz worked from approximately 4:30 p.m. until on or about 12:00 p.m. Mondays through Thursdays, from approximately 4:00 p.m. until on or about 1:00 a.m. on Fridays, and from approximately 4:00 p.m. until on or about 1:00 a.m. two or three times a month on Saturdays (typically 39 to 48 hours per week).

162.    From approximately June 2021 until on or about October 2021, Plaintiff Paz worked from approximately 4:30 p.m. until on or about 12:00 p.m. Mondays through Thursdays and from approximately 4:00 p.m. until on or about 1:00 a.m. on Fridays (typically 39 hours per week).

- 21 -

163.    Throughout his employment, defendants paid Plaintiff Paz his wages by personal check.

164.    From approximately March 2021 until on or about October 2021, defendants paid Plaintiff Paz $10.00 per hour.

165.    Defendants never granted Plaintiff Paz a meal break or rest period of any kind.

166.    Plaintiff Paz was never notified by Defendants that his tips were being included as an offset for wages.

167.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Paz's wages.

168.    Defendants illegally withheld a portion of the tips that Plaintiff Paz earned from customers.

169.    Specifically, Defendants only paid Plaintiff Paz a portion of the tip's clients wrote in for him whenever they paid using credit cards; thus, Defendants Keller and Trejo withheld approximately $1500 to $2000 of Plaintiff Paz's credit card tips per week.

170.    Defendants required Plaintiff Paz to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

171.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Paz regarding overtime and wages under the FLSA and NYLL.

172.    Defendants did not provide Plaintiff Paz an accurate statement of wages, as required by NYLL 195(3).

173.    Defendants did not give any notice to Plaintiff Paz, in English and in Spanish (Plaintiff Paz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

174.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay and overtime compensation as required by federal and state laws.

175.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

176.   Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

177.   Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

178.   Defendants failed to maintain a record of tips earned by Plaintiffs who worked as food runners and busboys for the tips they received.

179.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving cooks, food runners and busboys of a portion of the tips earned during the course of employment.

180.    Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

181.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

182.    Defendants paid Plaintiffs their wages in cash, by personal check and by business check.

183.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

184.    Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail in order to receive their weekly wages.

185.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

186.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

187.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

188.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

189.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

190.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

191.    Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

192.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

193.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek

194.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

195.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## <u>FIRST CAUSE OF ACTION</u>
## (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

196.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

197.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

198.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

199.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

- 26 -

200.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

201.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

202.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

203.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

204.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs' overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

205.    Defendants' failure to pay Plaintiffs, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

206.    Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

207.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

208.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

209.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

210.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

211.    Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

212.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

213.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

214.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

215.    Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

215.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

216.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

217.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

218.    Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

219.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

220.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

221.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

222.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

223.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required

by NYLL 195(3).

224.   Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

225.   Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

226.   Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as knives, shirts, pants and shoes, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

227.   Plaintiffs were damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
### (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK
### LABOR LAW)

228.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

229.   At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

230.   New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

231.   Defendants unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

232.   Defendants knowingly and intentionally retained a portion of Plaintiffs' tips in

violations of the NYLL and supporting Department of Labor Regulations.

233.    Plaintiffs were damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

234.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

235.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

236.    Defendants are liable to Plaintiffs in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs;

(e)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(j)     Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)     Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(o)     Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.


JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.


Dated: New York, New York
October 26, 2021


MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        MICHAEL FAILLACE & ASSOCIATES, P.C.
        Michael A. Faillace [MF-8436]

- 33 -

60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 5, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Alfonso Perez

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

                                        Alfonso Perez

Date / Fecha:

                                        5 de octubre 2021

Certified as a minority-owned business in the State New York

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 7, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jesus Ramirez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:                        Jesus Ramirez

Date / Fecha:                              October 7, 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

————

Faillace@employmentcompliance.com

October 20, 2021

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Juan Tapia

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                              22 octubre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 5, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Mario Zamudio

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Mario Zamudio

Date / Fecha:

5 de octubre 2021

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 5, 2021

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Oscar Paz Barojas

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:                *Oscar Paz Barojas*

Date / Fecha:                     5 de octubre de 2021

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 5, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Saul Perez
Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       5 de octubre 2021

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 5, 2021

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Wenceslao Martinez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:    _____

Date / Fecha:    5th of October 2021_____

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

October 5, 2021

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                          Yoel Julian

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      _____
                                        Yoel Julian

Date / Fecha:                           5 de octubre 2021

*Certified as a minority-owned business in the State New York*