```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN TAPIA, et al.,

                Plaintiffs,

    - against -

SUPER NORIEGA, LLC, et al.,

                Defendants.
------------------------------------------------------------X

21-CV-8778 (RWL)

**ORDER
APPROVING SETTLEMENT**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This case is an action for damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law.  Before the Court is the Plaintiff's unopposed letter request that the Court approve the parties' settlement agreement, a fully executed copy of which was submitted on February 6, 2024.  (Dkt. 70.)  A federal court is obligated to determine whether settlement of an FLSA case under the court's consideration is fair and reasonable and the subject of an arm's length negotiation, not an employer's overreaching.  *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

      The Court has carefully reviewed the Settlement Agreement as well as Plaintiffs' letter.  The Court has taken into account, without limitation, prior proceedings in this action; the attendant risks, burdens, and costs associated with continuing the action; the range of possible recovery; whether the Settlement Agreement is the product of arm's length bargaining between experienced counsel or parties; the amount of attorney's fees; and the possibility of fraud or collusion.  Among other attributes of the Settlement Agreement, there are no confidentiality restrictions, and the attorneys' fees are within a

1

fair, reasonable, and acceptable range. The release by Plaintiffs is with respect to all employment related issues, while the Defendants have granted a full release. Those terms are fair in the context of this case. There also is a non-disparagement clause; although, the clause does not expressly say so, the Court finds there is an implied term that the parties are not prohibited from discussing truthful facts.

Considering all the circumstances, the Court finds that the Settlement Agreement is fair and reasonable and hereby APPROVED.

Additionally, Plaintiffs Mario Zamudio, Jesus Ramirez, Alfonso Perez, Saul Perez, Wenceslao Martinez, and Oscar Paz Barojas (collectively, the "Absent Plaintiffs") have failed to appear either through counsel or pro se since their attorneys of record withdrew on October 5, 2023, and despite warning from the Court that, if the Absent Plaintiffs failed to appear either by counsel or pro se, their case would be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*See* Dkt. 66, 67.) As the Absent Plaintiffs still have not appeared by counsel or pro se, the Court dismisses the case as to them for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is respectfully requested to terminate all motions and deadlines and close this case.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   February 8, 2024
         New York, New York

Copies transmitted to all counsel of record.